UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: <br><br> JOHN A. YELLIG, III, <br> PATRICIA A. YELLIG, <br><br> Debtors | ) ) ) ) ) ) ) ) | Chapter 13 <br> Case No. 17-41278-EDK |
| JOHN A. YELLIG, III, <br><br> Plaintiff <br><br> v. <br><br> VETERANS, INC., <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) | Adversary Proceeding <br> No. 17-4040 |

## SCHEDULING AND PRETRIAL ORDER

1. **A PRETRIAL HEARING IS SCHEDULED FOR October 25, 2017 AT 12:00 P.M.** in the Federal Building and Courthouse, Courtroom 4, 595 Main Street, Worcester, MA.

2. **Unless otherwise ordered, the parties shall comply with all obligations and deadlines set forth herein.**

3. **Cooperation.** The parties and counsel must cooperate during all aspects of discovery. Failure by any party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under Fed. R. Civ. P. 37.

4. **Rule 26(f) Discovery Conference.** The parties are ordered to confer as soon as possible pursuant to Fed. R. Civ. P. 26, but no later than 21 days from the date of this Order.

5. **Rule 26(f) Discovery Conference Certification and Written Report.** Within 14 days of the Rule 26(f) conference, the parties shall file a written report containing:

    a. A certification that the Rule 26(f) conference has taken place.

1

b. A proposed discovery plan that addresses all topics set forth in Fed. R. Civ. P. 26(f)(3) and, if applicable, contains protocols for the discovery or disclosure of electronically stored information.

c. A statement that the parties have complied with the automatic disclosure provisions of Fed. R. Civ. P. 26(a)(1) and (2) *or* an explanation of why the parties have not complied and a description of the actions the parties are taking to comply.

d. In the event any party anticipates the disclosure or discovery of electronically stored information,

   i. a certification that the parties have conferred regarding:

      1. the nature and extent of the contemplated electronically stored information discovery;

      2. any issues involving the preservation, disclosure, discovery, or presentation of electronically stored information, including the form (or forms) in which the electronically stored information will be provided;

      3. the various sources of electronically stored information within a party's control;

      4. the characteristics of the parties' information systems that may contain relevant electronically stored information, including, if appropriate, the identity of individuals with special knowledge of a party's computer systems; and

      5. whether either party has relevant electronically stored information that the party contends is not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B); and

   ii. if either party contends that relevant information is not reasonably accessible pursuant to Fed. R Civ. P. 26(b)(2)(B), the estimated burden or costs of retrieving and reviewing that information.

e. A statement regarding the Court's authority to enter a final order as to each matter in dispute.

f. A statement as to whether each party consents to the entry of a final order by this Court as to each matter in dispute.

g. An estimated length of trial.

h. In the event any party has demanded a jury trial, a statement identifying:

   i. the specific matters to which the jury demand applies;

      ii. the legal basis for the right to a jury trial; and

      iii. whether all parties consent to this Court conducting a jury trial.

6. **Completion of Discovery. Discovery must be completed within 90 days from the date of this order**, unless otherwise ordered by the Court upon motion or after consideration of the discovery plan.

7. **Expert Witness Disclosures.** Disclosures under Fed. R. Civ. P. 26(a)(2), including the disclosure of the expert witness written report required by Fed. R. Civ. P. 26(a)(2)(B), must be completed within 60 days from the date of this order, unless otherwise ordered by the Court upon motion or after consideration of the discovery plan.

8. **Discovery-Related Disputes and Motions.** No discovery motion may be filed unless the moving party (1) has attempted in good faith, but without success, to resolve the dispute; and (2) pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), has requested a pre-motion conference with the Court.

    a. The request must be made by filing a one-page written request with the Court that contains only a general summary of the issues to be discussed. Any request for a pre-motion conference shall not contain argument. No response to the request should be filed unless directed by the Court. If the Court does not grant the request for a pre-motion conference, or if the conference fails to resolve the dispute, a discovery motion may then be filed.

9. **Dispositive Motions. The deadline for filing dispositive motions is 30 days after the discovery deadline, or any later deadline the Court may impose upon motion.**

    a. **Opposition/Response to Dispositive Motions. The deadline for filing an opposition, response, or cross-motion to any Dispositive Motion will be 21 days after the filing of the Dispositive Motion,** or any later deadline the Court may impose upon motion.

10. **Joint Pretrial Memorandum.** Absent further order of the Court, **the parties are ordered to file a Joint Pretrial Memorandum within 15 days after the dispositive motion deadline.** If a dispositive motion is filed by any party, the deadline for filing the Joint Pretrial Memorandum will be suspended until further Court order. The Joint Pretrial Memorandum must be approved and signed by all counsel and unrepresented parties.[1] The Joint Pretrial Memorandum shall supersede the pleadings to the extent of any inconsistency and will govern the course of trial. The Joint Pretrial Memorandum must set forth the following:

---

[1] If the parties cannot cooperate in filing a Joint Pretrial Memorandum, then each party shall be responsible for filing, by the same date, a separate Pretrial Memorandum that contains the information required by this paragraph and a statement as to why the parties could not cooperate in filing the Joint Pretrial Memorandum.

3

    a. A statement indicating the parties' attempts to resolve their dispute by mediation. In the event the parties agree in good faith to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.

    b. Facts to which the parties have stipulated.

    c. The issues of fact which remain to be litigated.

    d. The issues of law to be determined.

    e. A brief summary of the Plaintiff's case.

    f. A brief summary of the Defendant's case.

    g. The name, address, and telephone number of each witness, separately identifying witnesses each party expects to present and those witnesses to be called only if the need arises.[2]

    h. A list of witnesses whose testimony will be presented by means of a deposition.

    i. A list of exhibits, other than those to be used for impeachment, pre-marked in the order in which they are expected to be offered (with separate numbering for plaintiff and defendant), separately identifying those exhibits which each party expects to offer and those which will be offered only if the need arises.

    j. A statement confirming that the parties have exchanged exhibits.

    k. If applicable, a statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that a party intends to present by certification, as permitted by Fed. R. Evid. 902(11) and (12), rather than by testimony of an authentication witness.

    l. Any objections, including the grounds for the objection, to the calling of any witnesses, including experts, the presentation of testimony through use of a deposition, or the admissibility of documents or exhibits. Any objection not set forth in the Joint Pretrial Memorandum, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

    m. The estimated length of trial (if different from the estimate set forth in the Rule 26(f) conference report).

11. **Trial or Further Pretrial Conference.** After the filing of the Joint Pretrial Memorandum, the Court, in its discretion, will schedule either a trial or a further pretrial conference.

---

[2] If an interpreter is required for any witness, it will be the responsibility of the party calling the witness to supply the interpreter. The Court cannot and does not supply interpreters.

12. **Trial Briefs.** No later than 7 days before trial (unless a shorter period is specified by the Court), counsel may, but need not, file trial briefs.

13. **Exhibits and Demonstratives.**[3]

    a. Trial exhibits must be pre-marked and assembled in binders tabbed with the appropriate exhibit numbers.

    b. Parties must bring sufficient copies of all exhibits and transcripts of deposition testimony to Court for trial so that copies are available for the Judge, the witness, the Law Clerk, all counsel, and all unrepresented parties.

    c. Written summaries and/or charts presented to the Court in conjunction with closing statements (as an aid and not as evidence) must be provided to opposing counsel prior to the commencement of the closing statement, and any objections must be raised prior to the commencement of the closing statement. Closing summaries and/or charts may not include information which was not presented and admitted into evidence or through testimony during the trial.

14. **Valuation Testimony.** Unless otherwise ordered by the Court in advance or at trial, any expert testimony as to the valuation of assets may be presented in the following manner:

    a. The direct testimony of the expert will consist of his or her appraisal report, which shall be under oath. A copy of the report must be delivered to opposing parties at least 7 days before the date of trial.

    b. Cross-examination will be conducted as if the witness had testified to the contents of the report.

    c. If the opposing party wishes to challenge the qualifications of the expert, it may do so in cross-examination.

15. **Proposed Findings of Fact and Conclusions of Law.** After trial, counsel may (by separate order) be required to submit proposed findings of fact and conclusions of law.

16. **Failure to Comply with this Order.** This Order and the deadlines set by the Court may not be modified absent further Court order. Failure to comply with the provisions of this Order may, pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

_____

Dated: August 31, 2017                                                           Elizabeth D. Katz
United States Bankruptcy Judge

---

[3] The courtroom is equipped with an electronic presentation system for displaying trial exhibits. Questions regarding the electronic evidence presentation system should be directed to the Courtroom Deputy at Stephen_Reynolds@mab.uscourts.gov.